IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA

**JOSEPH CASH,**

    Plaintiff,

v.                                          CASE NO.: 2:07-cv-173-FtM-34 DNF

**FLORIDA BOARD OF
PROFESSIONAL ENGINEERS,**
an entity of the State of Florida

and

**DOUGLAS D. SUNSHINE, ESQUIRE,
Individually,**

    Defendants.

_____/

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW, the Plaintiff, **JOSEPH CASH**, and files this action against the **FLORIDA BOARD OF PROFESSIONAL ENGINEERS, an entity of the State of Florida**, and **DOUGLAS D. SUNSHINE, ESQUIRE, Individually**, and states as follows:

1.    JURISDICTION. Jurisdiction of this Court arises under 28 U.S.C. Sections 1331, 1337, 1342(a), and 1367(a); and 42 USC Section 1983.

2.    PARTIES. Plaintiff, **JOSEPH CASH, ("CASH")** is a natural person residing in Charlotte County, Florida and did so reside during the period set forth in this action.

3.    Defendant, **FLORIDA BOARD OF PROFESSIONAL ENGINEERS** ("F.E.M.C.") is an was an entity of the State of Florida charged with the discipline of engineers in the State of Florida.

4.    During the dates set forth in this Complaint, Mr. **DOUGLAS D. SUNSHINE** was an attorney practicing in the State of Florida and was the board attorney for the "F.E.M.C." at the time of all of the facts set forth in this Complaint

5.    On or about March 31, 2003, the Plaintiff, **"CASH"**, was compelled to submit his letter of resignation and to agree to a final order voluntarily relinquishing his license as a professional engineer. **See Exhibit "A" attached hereto and incorporated herein by reference.**

6. The Plaintiff, **"CASH"**, was denied his Constitutional right to practice engineering by the **F.E.M.C.** acting under color of State law in violation of 42 U.S.C. 1983.

7. Any qualified immunity that the Defendant **F.E.M.C.** holds is violated by the conduct of the **F.E.M.C.** in this case which outside the scope of its duties as a regulatory board for professional engineers in the State of Florida by ignoring Florida Statutes Chapter 455, Chapter 478 and Chapter 120.

8. Specifically, the Defendant, **F.E.M.C.**, violated Florida Statute 455.201(4)(a), which states:

   "Neither the Department nor the Board may create unreasonably restrictive and extraordinary standards that detour qualified persons from entering the various professions (b) Neither the Department nor any Board may create a regulation that has an unreasonable effect on job creation or job retention in the State or that places unreasonable restrictions on the ability of individuals who seek to practice or who are practicing a given profession or occupation to find employment."

9. Specifically, the Plaintiff was charged with having two (2) sets of plans for a residential uncommercial projects and one count of preparing drawings through two (3) different companies. This is false and the Board knew it to be false.

10. The Plaintiff, **"CASH"** stated that he had never had or owned any companies related to drafting or residential design. He further stated that he worked out of his home and had a business account for his business.

11. Further, the Plaintiff consulted with contractors, residential architects and owner builders only for the purpose of hurricane wind loads.

12. Defendant **DOUGLAS D. SUNSHINE**, Attorney at Law, went out side the scope of his employment as Board Counsel knowingly in violation of Florida Statute 471.031, giving false or forged evidence to the Board or a member thereof, concealing information relevant to violations of this Chapter, and violating any provisions of this Section "Chapter 471.031".

13. In **Exhibit "B"** attached hereto and incorporated herein, Mr. Sunshine indicated to the Board that Plaintiff **"CASH"** did not ask for a continuance in the matter of his case heard by the Board on February 20, 2005. This is incorrect. Mr. Cash did ask for a continuance and faxed a letter to Mr. Sunshine.

**WHEREFORE**, Plaintiff **"CASH"** earnestly asks this Honorable Court to grant him damages both compensatory and punitive, and to grant him attorneys fees pursuant to the Civil Rights Attorneys Fees Awards Act of 1976.

        ANGEL & ANGEL
        **Attorneys at Law**
        **1617 Hendry Street, Suite 405**
        **Fort Myers, Florida 33901**
        **Telephone: (239) 334-7677**
        **Facsimile:   (239) 334-1909**
        **E-mail:  Kramerangel@earthlink.net**

        _____
        **ANN POE ANGEL, ESQUIRE**
        **FLORIDA BAR NO.: 0516510**